# CASES DETERMINED

AT THE

# January Term, 1914.

HUGGARD, Respondent, vs. CHICAGO, MILWAUKEE & ST. PAUL
RAILWAY COMPANY, Appellant.

*May 23—June 17, 1914.*

*Railroads: Assault by conductor upon passenger: Evidence: Suffi-
ciency: Special verdict: Duplicity in question: Scope of find-
ing: Excessive damages.*

1. Plaintiff, a cripple, was prevented from entering the day coach
   of a passenger train by defendant's conductor, who honestly
   believed him to be intoxicated. Plaintiff was not intoxicated,
   and the conductor had no reasonable grounds for apprehend-
   ing that if he entered said coach he would be guilty of any
   misconduct. Upon evidence that plaintiff acted reasonably in
   refusing to comply with the direction not to go into the day
   coach, and that the conductor in an arbitrary and inconsider-
   ate manner, with the aid of the news agent, forcibly ejected
   him from the entrance to said coach and forcibly pushed and
   dragged him into the smoking car and compelled him to re-
   main there, the jury were warranted in finding that there was
   an aggravated assault.
2. Where in such case the jury answered in the affirmative the
   question, "Was the plaintiff prevented from entering the day
   coach under circumstances of aggravation or cruelty with vin-
   dictiveness or malice?" and then found that the case was not
   one for exemplary damages, the answer to said question must
   be considered as restricted to a finding of the fact sustained by
   the evidence, *i. e.* an assault under circumstances of aggrava-
   tion.
3. For an aggravated assault resulting in a new and painful in-
   jury to and weakening of the lame knee of a cripple, an award
   of $1,150 as damages is *held* in this case not to be excessive.
   BARNES, J., dissents.

APPEAL from a judgment of the circuit court for Wauke-
sha county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

This is an action for damages resulting from an assault

committed by the defendant's conductor in charge of its passenger train upon the plaintiff while riding as a passenger on the train.

The plaintiff was a man sixty-five years of age and a cripple, caused by affection of his knee joints. He had suffered from arthritis deformans for some time, which lamed him in his knees and slightly enlarged them and bowed his legs. The plaintiff had worked at pearl fishing and buying for years, but after this injury was unable to carry on his occupation of pearl fishing. On December 11, 1912, he entered the train at Genesee, Wisconsin, for the purpose of going to Waukesha, Wisconsin. He entered the front door of the smoking car, and after the train started he passed through its entire length to go to the day coach. The conductor was engaged in taking tickets in the smoking car as the plaintiff went down the aisle. When the plaintiff reached the platform of the smoking car and was about to enter the day coach the conductor approached and stopped him and told him that there was no place in there for him and that he must go back to the smoking car. The plaintiff refused to do so because he did not want to sit in the smoking car and because the seats of the smoker were all occupied. The conductor took hold of the plaintiff and tried to force him back into the smoking car, the plaintiff resisted, and a struggle ensued. The "newsboy" came to the conductor's assistance and together they forced the plaintiff into the smoker and left him standing in the aisle from that time to the end of his journey. He inquired why he had not been allowed to go to one of the vacant seats in the day coach and the conductor informed him that he was not fit to go and ride in the day coach. During the struggle to force the plaintiff into the smoker his knee was wrenched and he was subjected to humiliation in the sight and hearing of the other passengers. The conductor testified that he believed the plaintiff was intoxicated, which he inferred from the way he walked through the smoking car, and admitted

that there was no other evidence of misbehavior nor anything else to give him reason to think that the plaintiff was intoxicated. The new injury to the lame knee caused the joint to swell and become very painful and lame. It required medical treatment and attention for some time thereafter, and up to the day of trial in July, 1913, the knee was sore and painful. The doctor's testimony showed that the plaintiff had been suffering from arthritis deformans for some time prior to this assault, but that the ailment finally settles and gives the patient very little trouble; that a severe wrench like the one the plaintiff received would cause an acute inflammation, swelling, and pain, and affect the joint so that thereafter it would not be as strong; that he found an excess of the synovial fluid to an extent that the knee cap was floating, and that this was due to an acute condition which seriously affected the joint. Since the plaintiff's injury he has suffered pain and cannot work nor get around as well as he could before. The jury upon this evidence rendered the following verdict:

"(1) Did the conductor of the defendant's train, when he prevented the plaintiff from entering the day coach, act in good faith under the honest belief that the plaintiff was intoxicated and in an unfit condition to ride in the day coach? A. Yes.

"(2) Did the conductor have reasonable grounds for a just apprehension that if the plaintiff were permitted to enter the day coach some act of misconduct or indecency would result? A. No.

"(3) Was the plaintiff prevented from entering the day coach under circumstances of aggravation or cruelty with vindictiveness or malice? A. Yes.

"(4) What sum of money will compensate the plaintiff for the actual damages suffered by him in consequence of the injury inflicted by the defendant's conductor? A. $1,150.

"(5) Is this a proper case for the imposition of exemplary damages? A. No."

Judgment was entered in the plaintiff's favor, and this is an appeal from such judgment.

Huggard v. Chicago, M. & St. P. R. Co. 158 Wis. 1.

For the appellant there was a brief by *C. H. Van Alstine, H. J. Killilea, R. M. Trump,* and *Merton, Newbury & Jacobson,* and oral argument by *M. A. Jacobson.*

For the respondent there was a brief by *Rubin & Zabel,* and oral argument by *W. C. Zabel.*

SIEBECKER, J.   The verdict of the jury establishes that the defendant's conductor acted in the honest belief that the plaintiff was intoxicated when he prevented him from entering the day coach on the occasion in question and that the conductor had no grounds from the plaintiff's appearance or conduct to apprehend he would be guilty of misconduct if permitted to ride in the day coach.   The result of the undisputed evidence and these findings is that the plaintiff was not intoxicated and that there was nothing characterizing the plaintiff's acts as evincing any disposition calculated to disturb the peace and comfort of the passengers on the train. In the light of this situation, can it be said that there is evidence that warranted the jury in finding that the conductor did prevent the plaintiff from entering the day coach under circumstances of aggravation?   An examination of the plaintiff's evidence, on which the jury had a right to rely, shows that the plaintiff acted reasonably in refusing to comply with the conductor's direction not to go into the day coach, and that the conductor in an arbitrary and inconsiderate manner, with the aid of the news agent, forcibly ejected him from the entrance of the day coach and forcibly pushed and dragged him into the smoking car and compelled him to remain there for the remainder of his trip.   We cannot say that the jury's finding that this treatment of the plaintiff amounted, under the circumstances, to an aggravated assault is clearly against the evidence.   It is suggested that question 3 is so involved and indefinite by reason of embracing several separate inquiries that the verdict fails to disclose what facts the jury found.   We must presume, if the evidence sustains any of

the inquiries submitted to the jury, that they found the facts sustained by the evidence. It is pretty clear, however, that the jury fully understood the inquiries submitted to them in the special verdict, for they negatived the fact of cruelty with vindictiveness or malice by their answer to question 5. This indicates that their affirmative answer to question 3 was restricted to and found the conductor's treatment of the plaintiff amounted to an aggravated assault. The evidence and verdict fully justify the claim that the plaintiff was assaulted under circumstances of aggravation.

It is urged that the damages awarded are excessive. The foregoing statement contains the ultimate facts as to the plaintiff's injuries, their nature and extent, which the evidence tends to show. The jury were justified in believing these facts and awarding such damages as in their judgment compensated the plaintiff for the injuries suffered. We are not prepared to say that the sum awarded is so clearly against the evidence that it can be held as a matter of law to be excessive in amount.

There is no reversible error in the record.

*By the Court.*—Judgment affirmed.

BARNES, J. (*dissenting in part*). I think the damages recovered were excessive.